83,608-02

10-13-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

OCT 19 2015

Abel Acosta, Clerk

Hon. Abel Acosta, Clerk
Court of Criminal Appeals
P.O. Box 12308, Capital Station
Austin, Tx. 78711

Hon. Acosta:

Enclosed is Applicant Respond / Exception, please file and bring it to the attention of the court. Applicant files pro-se is an indigent inmate without any medium to produce copies. Therefore, Applicant asks the Hon. Acosta furnis / distribute any further copies required by Law or Practice.

Thank you for your time / Kindness

Respectfully,

Ramon Prudencio

Ramon Prudencio #732321
Cofield Unit
2661 FM 2054
Tennessee Colony, Tx 75884

pro-se: Applicant

In The Court of Criminal Appeals


Applicants Response And Exception


I

Cause No. 9422106-A

Ex parte

In The 174th District

Court of

Ramon Prudencio

Harris County, Texas

To The Honorable Court of Criminal Appeals:

Applicant's Response / Exception

To

The states Proposed Finding of Facts,
Conclusion's of Law and Order (Conclusion

Comes Now Ramon Prudencio #732321 (Applicant) and files
this Response / Exception, Showing as follows.

**I**

The conclusion claims Applicant failed to show His Apellate
Counsel Kurt B. Wentz (Wentz) failure to inform Him of the Ap-
pelates Courts Opinion (which was affirmed) see conclusion pa-
ge 4. Yet, Exhibit A of Applicant's Habeas (memorandum (407)
see page 6 Conclusion shows Wentz did in fact fail, accepts
responsibility, and claims he would endevor to correct his
error (note: Wentz Never made an attempts to aid Applicant)
Applicant contected the State Bar of Texas (SBT) for assistance

page one

due to wentz failure to respond to His correspondance. The letter in Ehibit A pages 4-6, conclusion is from wentz signed by wentz and does not just appear to be by wentz as claimed in page 6, conclusion. Applicant wrote other letters but has Lost them due to His incarceration where security searches, of inmates personal property are conducted for contraband. The Letters were Lost.

## II

The District Court did not order prison records to prove Applicant recieved mail from wentz in the time frame wentz claims he advised Applicant His direct appeal was denied and His right to file a pdr, pro se or otherwise.

## III

A careful review of Exhibit A, (Letter wentz wrote to Applicant; Shows The state Bar of Texas had To intervene in order for wentz to respond to His correspondance), and states Exhibit A) are contrary to each other.

Further, in wentz affidavit he claims he was contacted by an attorney who told him he would file a Habeas Writ, but such writ was never filed.

## IV

page Two

The Court of Criminal Appeals has held, if appellate counsel's actions or inactions denies a defendant his opportunity to prepare and file a pdr, that defendant has been denied his sixth Amendment Right to effective assistance of counsel. Ex parte Wilson, 956 S.W.2d 25,26 (Tex. Crim. App. 1997); Ex parte Jarrett, 891 S.W.2d 935 (Tex. Crim. App. 1995) Appellate counsel has the right, obligation to inform a defendant that his conviction has been affirmed and can persue dicretonary review on his own. The CCA ruled in 1997/1995 Applicants appeal was denied on 10-16-1997 page 2 Conclusion.

VI

Applicant should not be denied under the doctrine of Laches. The State used Ex parte Perez, 398 S.W.3d 206 (Tex. Crim. App. 2013) in its conclusion at page 6. Applicant has shown this Honorable Court the delay in filing was not His fault. Also, Id. Perez, 398 shows petitioner's (Perez) appellate counsel contacted him in person (in prison) and advised him he would assist Perez in the filing of a Habeas Writ, but Perez refused. In the instant case wents never answered Applicant's correspondance unlil The state Bar of texas intervened much Less visit Him as in Id Perez, 398

In Ex parte Hood, 2009 295 3854 (Tex. Crim. App. 2009. claims the State has the burden to 1)- make particularized showing of prejudice 2)- show prejudice was caused by petitioner, 3)- Petitioner did not act not act resonable delegent as a matter of Law. citing Ex

page Three

parte. Carrio, 992 s.w. 2d 486, 488 (Tex. Crim. App. 1999) also see Stranham v. Blackburn, 750 F 2d 438, 491 (5th Cir 1985), Whitley, 237 F. 3d, Riedeau v. Whitley, 237 F. 3d 472, 482 (5th Cir. 2000)

## Prayer

This Honorable Court should grant relief, and hand down an order allowing Applicant to file a pdr (out-of-time) in accordance to due course / due process of the Law

Respectfully submitted

*Ramon Prudencio*            Executed / Signed on 10-13-15

Ramon Prudencio #732321

Coffiel Unit

2661 FM 2054

Tennessee Colony, Tx. 75884

pro se: Applicant

Page Four